**Eliza VARDUMYAN; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

Nos. 03–73763.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 14, 2004.

Asbet A. Issakhanian, Glendale, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, ALARCÓN and TROTT, Circuit Judges.

MEMORANDUM **

Lead petitioner Eliza Vardumyan and her minor children Narek Vardumyan and Mary Vardumyan, all natives and citizens of Armenia, petition pro se for review of

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the Board of Immigration Appeals' ("BIA") order affirming an Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence. *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). When the BIA adopts the IJ's credibility determination, we examine the IJ's reasons for deeming the person not credible. *Id.* We review de novo due process challenges to final orders of removal. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

Vardumyan gave conflicting testimony regarding how many times her husband was arrested, on what dates he was arrested and released, how long he was in custody, whether he was arrested before they received threatening letters, whether he reported the threats to the police, and whether he told anyone at work he was a Muslim.

Substantial evidence supports the IJ's adverse credibility finding because Vardumyan's testimony contains major inconsistencies that go to the heart of her asylum claim. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). Because Vardumyan fails to demonstrate eligibility for asylum, it follows that she does not satisfy the more stringent standard for withholding of removal. *See Farah,* 348 F.3d at 1156.

Substantial evidence supports the IJ's conclusion that Vardumyan failed to show it was more likely than not that she would be tortured upon returning to Armenia, and therefore is not entitled to relief under the CAT. *See id.* at 1157.

We are not persuaded by Vardumyan's contentions concerning the admission of a sworn statement into evidence and the competency of her translation at the evidentiary hearing. Insofar as Vardumyan contends the IJ denied her due process, Vardumyan failed to demonstrate that the proceeding was so fundamentally unfair that she was unable to reasonably present her case. *See Colmenar,* 210 F.3d at 971–72.

**PETITION FOR REVIEW DENIED.**